**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHERIF HAFIZE | : |
| | : **CIVIL ACTION** |
| | : |
| | : **No.** |
| *Plaintiff* | : |
| | : |
| v. | : |
| | : |
| BOROUGH OF SHARON HILL | : |
| 1110 Spring Street | : |
| Sharon Hill, PA 19079 | : |
| | : |
| *And* | : |
| | : |
| RICHARD HERRON | : |
| | : |
| Sharon Hill Chief of Police | : |
| (In His Official Capacity) | : |
| 1110 Spring Street | : |
| Sharon Hill, PA 19079 | : |
| | : |
| *And* | : |
| DEVON SMITH | : |
| Sharon Hill Police Officer | : |
| 1110 Spring Street | : |
| Sharon Hill, PA 19079 | : |
| | : |
| *And* | : |
| John Doe(s) | : |
| Sharon Hill Police Officer(s) | : |
| 1110 Spring Street | : |
| Sharon Hill, PA 19079 | : |
| | : |
| *Defendants.* | : |
| | : |

***COMPLAINT***

1

## INTRODUCTION

This case involves the injury of Sherif Hafize who, according to the Delaware County, Pennsylvania District Attorney, was shot by three Sharon Hill police officers, receiving gunchot wounds in the process. This case seeks answers and damages for the tragic and unnecessary trauma inflicted on others as a result of the misconduct of Sharon Hill Police officers.

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitution provision.

2.      Jurisdiction lies over state law claims based on the principals of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

3.      The amount in controversy exclusive of interest and costs dramatically exceeds the sum of One Hundred Thousand Dollars ($100,000.00).

## VENUE

4.      All the claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdictional limits.  Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.      Plaintiff in this matter is minor Sherif Hafize.

6.      Defendant Borough of Sharon Hill is a municipality, organized by and through the Commonwealth of Pennsylvania.

7.      Defendant Richard Herron, at all times relevant hereto, was the Borough of Sharon Hill's Chief of Police employed by and the agent of the municipality. At all times relevant hereto Richard Herron was charged with maintaining and enforcing the Sharon Hill Police Department's practices, policies, and procedures.

8.      Defendant Devon Smith is a Sharon Hill Police Officer.

9.      Defendant(s) John Doe(s) are Defendant Police Officer(s) whose identity or identities is/are currently unknown to Plaintiff.

**FACTS**

10.      On August 27, 2021 at approximately 9:00 PM, at least three Sharon Hill Police Officers unreasonably, and with a specific intent to kill, fired multiple gunshots from their semi-automatic Borough-issued pistols at persons in a moving car, the bullets traveling beyond the moving car into a crowd of innocent bystanders who were exiting a high school football game in Sharon Hill, Delaware County, Pennsylvania.

11.      The occupants of car struck by police gunfire were unarmed, engaging in no criminal activity, and did not pose any threat at all to the police officers or the community at large. The driver of the car was in fact an innocent 19-year-old woman with innocent another woman of similar age in the front passenger seat.  No other persons were in that car when the police unreasonably used deadly force against its driver and passenger.

12.      Plaintiff was injured by bullets fired by the police.

**COUNT ONE**
**VIOLATION OF 42 U.S.C. § 1983**
**EXCESSIVE FORCE**
**(Plaintiff v. All Defendant Police Officers)**

13.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

14.     Defendants used excessive force thereby violating plaintiff's rights under the laws of the Constitution of the United States, in particular the 4th and 14th Amendments and their rights under the Constitution and laws of Pennsylvania.

15.     Without any justification or provocation, Defendants willfully and maliciously injured Plaintiff.

16.     The actions committed by Defendants constitute intentional misconduct, unreasonable and excessive use of force, and deliberate indifference to Plaintiff's constitutional rights leading directly to Plaintiff's injury, in violation of Plaintiff's constitutional rights as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff demand judgment against Defendant Officers in an amount in excess of $100,000.00, plus interest, costs, attorney's fees, and punitive damages.

### COUNT TWO
### VIOLATIONS OF 42 U.S.C. § 1983 FAILURE TO TRAIN
### (Plaintiff v. Borough of Sharon Hill and Defendant Police Chief Herron)

17.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

18.     The Borough of Sharon Hill and its chief of police have a duty to maintain policies and practices related to use of deadly force, consistent with Pennsylvania Law and the United States Constitution.

19.     The Borough of Sharon Hill and its chief of police have a policy, custom or practice of ignoring the appropriate standards for use of deadly force, and/or failed to train its officers appropriately.

20.     As such, The Borough of Sharon Hill and its agents were deliberately indifferent and reckless with respect to potential violations of constitutional rights.

21.     The Borough of Sharon Hill and its police chief, coupled with a lack of training and supervision, were the moving force behind the actions of the officer(s) that led to the injury of Sherif Hafize.

22.     The Borough of Sharon Hill's policies, practices and/or customs led its officers and/or agents to believe that they could violate the constitutional rights of Plaintiff with impunity and with the tacit approval of the Borough of Sharon Hill and its chief of police. The Borough of Sharon Hill's policies, customs and/or practices were th direct and proximate cause of the injuries suffered by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against The Borough of Sharon Hill in an amount in excess of $100,000.00 plus interest, costs, attorney's fees, and punitive damages.

**COUNT THREE**
**VIOLATIONS OF 42 U.S.C. § 1983 STATE CREATED DANGER**
**(Plaintiff v. All Defendants)**

23.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

24.     Defendant Officers acted under the color of law to create a danger that would not have been present absent such conduct.

25.     The Fourteenth Amendment to the United States Constitution guarantees Plaintiff the substantive due process right to be free from state-created dangers.

26.     Defendants violated this right by taking affirmative steps which placed Plaintiff at imminent and foreseeable risk of danger and harm.

27.     The physical, emotional, developmental, financial, psychological, and/or psychiatric harm that Plaintiff suffered after being so placed was foreseeable, and directly and proximately caused by Defendants' unconstitutional acts.

28.     Defendants arbitrarily and capriciously deprived Plaintiff of his due process rights in the absence of any countervailing state interest.

29.     Plaintiff substantive due process right to be free of state-created dangers was a clearly established constitutional right at the time of Defendants' acts and omissions, and a reasonable individual would have known that their acts and omissions would violate this clearly established constitutional right.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of $100,000.00 plus interest, costs, attorney's fees, and punitive damages.

## COUNT FOUR
## VIOLATIONS OF 42 U.S.C. § 1983 (Monell) UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM
## (Plaintiff v. Borough of Sharon Hill)

30.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

31.     As a result of the Borough of Sharon Hill's Constitutionally infirm policies, customs, supervision and practices described above, Plaintiff was severely injured without due process of law, and in violation of his  constitutional rights in under of the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against the Borough of Sharon Hill in an amount in excess of $100,000.00, plus interest, costs, attorney's fees, and punitive damages.

## COUNT FIVE
## ASSAULT AND BATTERY
## (Plaintiff v. All Defendants)

32.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

33.     By the conduct set forth above, by physically assaulting, battering, and shooting with specific intent to kill another leading directly to injuring the body of Plaintiff, Defendants, each individually and jointly and/or severally, used unreasonable force and caused and intended to cause death and offensive contact with another, directly resulting in injury to the body of Plaintiff constituting assault and battery.

34.     As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants as aforesaid, jointly and severally, in their personal and/or official capacity, plus interest, costs, attorney's fees and punitive damages.

### COUNT SIX
### PENNSYLVANIA NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiff v. All Defendant Police Officers)

35.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

36.     Defendant Police Officers acted with extreme negligence when they fired into a crowd of innocent bystanders.

37.     Due to Defendant Police Officer's negligence, Plaintiff suffered a physical impact which caused severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant Police Officers as aforesaid, jointly and severally, in their personal and/or official capacity, plus interest, costs, attorney's fees and punitive damages.

### <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

/s/ Bruce L. Castor, Jr.

Date: 10/29/21                   By:   _____

Bruce L. Castor, Jr.
I.D. No. 46370
Michael T. van der Veen
I.D. No. 75616
Attorneys for Plaintiff
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
E: bcastor@mtvlaw.com